THE PRESIDENT &c. OF THE CHEMUNG CANAL BANK *against* JUDSON.

*Assignments for benefit of creditors; bankrupt act.*

PRIOR to February 7, 1842, Towner and Suffern were merchants and copartners in business at Elmira, in the county of Chemung, in the "Northern District of New York." On that day Suffern assigned to Towner all his interest in the partnership effects, by an assignment, invalid as against creditors, under the bankrupt law then in force; and on the next day Towner made a similar invalid assignment of all the effects thus in his possession, and of his other property, to trustees, for the payment of debts, giving priority to certain creditors, among whom were the plaintiffs in this suit. The trustees collected and paid to the plaintiffs, as such creditors, about $6,000.

In August, 1842, a creditor of Towner and Suffern presented to the U. S. District Court for the Northern District of New York a petition, praying to have them declared bankrupts, and in the petition describing them as "now or late residing in the town of Elmira, in the

county of Chemung," in said district; and they were described as "now or late of Elmira," &c., in all the proceedings prior to the decree of bankruptcy, in which they were described as "of Elmira," &c. In September, 1842, they were declared bankrupts, by a decree of the District Court, and Mordecai Ogden was appointed their assignee.

In April, 1844, the assignee filed a bill before said District Court, against the voluntary assignees of Towner and Suffern and the plaintiffs in this suit, to set aside the voluntary assignments, and to reach the assigned effects in the hands of the trustees, including what had been paid to the plaintiffs in this suit. The assignees answered the bill. The plaintiffs demurred, insisting that the District Court had no general equity jurisdiction, and that the bankrupt act which gave it jurisdiction was repealed before the bill was filed.

The District Court, in October, 1845, dismissed the bill, as a bill, but ordered it to stand as a petition, as the foundation of summary proceedings under the 6th section of the bankrupt act, as of the date when the bill was filed. The petitioner (Ogden) died during the pendency of the proceedings, and the defendant in this suit (Judson) was appointed assignee, and substituted as petitioner in his stead. Under those proceedings the voluntary assignments were set aside as fraudulent, and a decree was made in favor of Judson, against the plaintiffs in this suit, for $6,000 and upwards, upon which execution was awarded. The marshal, by virtue of such execution, under the directions of the defendant, took from the plaintiffs the amount of money required to satisfy it, and the plaintiffs brought an action of trespass against the defendant, in the Supreme Court, for such taking. The defendant justified under the proceedings above referred to. The Supreme Court rendered judgment in favor of the plaintiffs, on the ground that the repeal of the bankrupt act deprived the District Court

of jurisdiction, and that its decree was therefore void. This court reversed that judgment, holding:

In relation to the original proceedings against the bankrupts, that the District Court, although of limited, was not of *inferior* jurisdiction; and that it would be presumed to have had jurisdiction over the persons of the parties proceeded against, when its want of jurisdiction was not shown.

But that it was not necessary to resort to such presumption in this case, as the petition only left it doubtful whether the defendants resided within the jurisdiction of the court, and that doubt was removed by the decree, from which it affirmatively appeared that they did reside within such jurisdiction.

In relation to the subsequent proceedings by the assignee in bankruptcy, that the District Court had jurisdiction of those proceedings under the sixth section of the bankrupt act. That they were within the saving clause of the repealing act of March 3d, 1843, providing that the repeal should not affect "any case or proceeding in bankruptcy commenced" before the passage of that act. That this saving clause embraced all proceedings founded on the original decree of bankruptcy, including the collection and final distribution of the effects of the bankrupts.

That the District Court, having jurisdiction to hear and determine the matter, either at law or in equity, had the power of adjudging in which form relief should be administered, and that an error in that respect (if there were any) could not be alleged as a defect of jurisdiction.

That the order of the court, allowing the bill filed by the assignee in bankruptcy to be retained as a petition, whether erroneous or not, could not be alleged as a jurisdictional defect which would render its decree void.

That, so far as the order directed the bill to stand as a petition, with the same effect as if it had been in form

a petition when originally filed, it might be disregarded, and the bill treated as a petition filed at the date of the order. The fact that, in so treating it, the filing was more than two years after the decree of bankruptcy, and after the "cause of suit" occurred, constituted no defence to the proceedings, as that defence was a mere statute of limitations, and was not set up in answer to the petition.

(S. C., 8 N. Y. 254.)